Cathy **BURGESS, Plaintiff–Appellant,**

and

**Elum Burgess; et al., Plaintiffs,**

v.

**Larry CARMICHAEL, of CPS; et al., Defendants–Appellees.**

No. 05–17030.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 16, 2007.

Steven C. Nolan, Esq., Jesper I. Rasmussen, Esq., Patton Wolan Boxer, Robert Andrew Harkness, Esq., Susan J. King, Office of the California Attorney General, Oakland, CA, for Defendants–Appellees.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

### MEMORANDUM ***

Cathy Burgess appeals pro se from a magistrate judge's judgment entered after a jury returned a verdict for county officials in Burgess's action alleging that defendants discriminated against her, in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, when they filed a juvenile dependency petition challenging Burgess's custody over her two children. We have jurisdiction pursuant to 28 U.S.C. § 636(c)(3). We affirm.

Where, as here, a party fails to move for judgment as a matter of law under Fed. R.Civ.P. 50(b), we reverse a jury's verdict only where there is plain error that would result in a "manifest miscarriage of justice." *Janes v. Wal–Mart Stores Inc.,* 279 F.3d 883, 888 (9th Cir.2002) (internal quotation marks and citation omitted). On this record, we would affirm the jury's verdict even under a substantial evidence standard of review.

We do not reach Burgess's remaining contentions because she has not demonstrated that she raised them in the district court, where she was represented by counsel. *See Los Angeles News Serv. v. Reuters Television Int'l, Ltd.,* 149 F.3d 987, 996 (9th Cir.1998) ("We will not take up an issue not properly raised below unless necessary to prevent manifest injustice.") (citation omitted).

We deny appellees' motion to strike Burgess's opening brief and grant appellees' motion to strike the exhibits submitted with Burgess's opening brief.

We deny Burgess's motion to add two issues to her appeal.

**AFFIRMED.**

---

\*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

